IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| ERGON WEST VIRGINIA, INC. | | PLAINTIFF |
| v. | | Civil Action No. 3:15cv688 CWR-LRA |
| DAVID W. JOHNSON | | DEFENDANT |



**COMPLAINT AND PETITION FOR ORDER COMPELLING
ARBITRATION AND FOR OTHER RELIEF**

Plaintiff Ergon West Virginia, Inc. ("Ergon-WV"), by and through counsel, files this Complaint and Petition for an order compelling arbitration and for other relief against Defendant David W. Johnson ("Johnson"). Ergon-WV seeks an order from this Court compelling Johnson to submit his claims against Ergon-WV and any other covered person to a binding arbitration proceeding and enjoining Johnson from proceeding against Ergon-WV and any other covered person, until after this Court has ruled upon the enforceability of the arbitration agreements at issue and an arbitration(s) has been conducted and concluded, in accordance with the terms of the applicable arbitration provisions. In support hereof, Ergon-WV would show the following:

### Parties

1.  Ergon-WV is a West Virginia company with its principal place of business in West Virginia.

2.  Johnson is an adult resident citizen of the State of Pennsylvania.

### Jurisdiction

*Subject Matter*

1

3. This is an Action seeking to compel arbitration pursuant to 9 U.S.C. § 4 of the Federal Arbitration Act ("FAA").

4. Plaintiff Ergon-WV, a citizen of the State of West Virginia, is completely diverse to Johnson, who is a citizen of the State of Pennsylvania. There is therefore, complete diversity of citizenship between the Parties to this Action. 28 U.S.C. § 1332.

5. The value of the sum in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This suit concerns matters of federal law, including claims under the Fair Labor Standards Act of 1938, as amended ("FLSA") (29 U.S.C. § 201 et seq.), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA") (29 U.S.C. § 621 et seq.). There is, therefore, federal question jurisdiction over the claims in this case.

7. On April 4, 2014, Ergon-WV filed a demand in arbitration against Johnson.

8. On April 8, 2014, Johnson filed a complaint against Ergon-WV in the United States District Court for the Western District of Pennsylvania (the "Johnson Suit"), which was amended twice. In the Second Amended Complaint, Johnson asserts claims against Ergon-WV.

9. A true and correct copy of the Johnson Suit complaint is attached hereto as Exhibit A.

10. In the Johnson Suit complaint, Johnson seeks from Ergon-WV a judgment for back pay allegedly owed to Johnson under FLSA and for "other affirmative relief necessary to eradicate the effects of its unlawful employment practices."

11. The total value of the relief sought by Johnson in the Johnson Suit exceeds $75,000.00, exclusive of interest and costs.

2

12. The amount in controversy in the Johnson Suit exceeds $75,000.00, exclusive of interest and costs.

13. This Court has diversity jurisdiction over this Action pursuant to 28 U.S.C. § 1331. By the Second Amended Complaint, Johnson concedes federal jurisdiction.

14. A copy of the Second Amended Complaint is attached hereto as Exhibit B.

### *In Personam*

15. This Court has personal jurisdiction over the Parties.

16. By the Master Service Contract (the "Contract"), which is the basis of this action, the Parties agree to submit to jurisdiction in Jackson, Mississippi.

17. A copy of the Master Service Contract is attached hereto as Exhibit C.

### Venue

18. 9 U.S.C. §4 provides in part that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.*

19. The United States District Court for the Southern District of Mississippi, Northern Division, is one "[w]hich, save for such agreement, would have jurisdiction [over Johnson] under Title 28, in a civil action...." *Id.*

### Introduction

20. This suit concerns claims under the FLSA and ADEA, *inter alia*, as they relate to Johnson's work with Ergon-WV under the Contract. After Ergon-WV filed a demand for

3

arbitration under the Contract, Johnson filed a complaint in the United States District Court for the Western District of Pennsylvania.

21. United States District Court Judge Cathy Bissoon of the Western District of Pennsylvania ruled on September 10, 2015 that the arbitration provision in the Contract was valid, that Johnson's claims were within the scope of the arbitration provision, and that venue to compel arbitration was properly in the United States District Court for the Southern District of Mississippi.

### Background Facts and Procedural History

22. On July 26, 2006, Ergon-WV entered into the Contract with Plaintiff David Johnson, the owner of David W. Johnson Engineering, for the provision of independent contractor services. Exh C.

23. The Contract provides for mandatory arbitration of disputes that arise between the parties and specifies Mississippi as the proper forum. Exh. C at ¶¶ 9, 14. Specifically, the Contract states:

> **9. APPLICABLE LAW:** This Contract shall be governed and construed in accordance with the laws of the state of Mississippi without reference to its conflicts of laws principles.
>
> * * *
>
> **14. ARBITRATION:** *<u>All disputes, controversies or claims, of whatever kind or character, arising out of or in connection with this agreement shall be settled and determined by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "Rules")</u>*. Said arbitration shall be conducted by three (3) arbitrators unless Company and Contractor mutually agree that the nature of the dispute requires only one (1) arbitrator and are able to agree on the identity of same. Company and Contractor shall each be entitled to nominate one arbitrator in accordance with the Rules. The two (2) arbitrators so nominated shall nominate the third arbitrator within ten (10) days of confirmation of the first two (2) arbitrators. *<u>The</u>*

4

> ***arbitration shall be governed by Mississippi law and shall be carried out in the City of Jackson, Mississippi, U.S.A.,*** or such other location as the parties may agree. Company and Contractor shall share equally all administrative fees and expenses related to the Arbitration, including any arbitrator's fees. The award of the arbitrator(s) shall be enforceable in a court of competent jurisdiction.

*Id.* at ¶¶ 9, 14 (emphasis added).

24. For nearly eight years, Plaintiff embraced the benefits of this Contract by providing project engineer services to Ergon-WV at a rate of up to $95/hour as an independent contractor. On or about March 25, 2014, after providing independent contractor services to Ergon-WV under the Contract without objection, Johnson advised Ergon-WV, through counsel, that he believed he was actually an employee of Ergon-WV rather than an independent contractor and that he is, therefore, owed overtime wages under the Fair Labor Standards Act ("FLSA").

25. On April 3, 2014, Ergon-WV initiated arbitration proceedings with the American Arbitration Association ("AAA") pursuant to the parties' agreement in the Contract to arbitrate "[a]ll disputes, controversies or claims, of whatever kind or character," arising out of or in connection with Johnson's agreement to provide independent contractor services. *See* Exhibit D, Demand for Arbitration.

26. The AAA accepted Ergon-WV's demand for arbitration and scheduled an administrative conference call to discuss the case, which took place on April 25, 2014. *See* Exhibit E, Correspondence from AAA dated April 10, 2014. Following the April 25, 2014, conference call during which Plaintiff Johnson noted his objection to the AAA arbitration, the AAA advised that it would proceed with arbitration proceedings and requested the parties to submit their selections for arbitrators to serve on the panel. *See also* Exhibit F, Correspondence

from AAA dated April 28, 2014. Ergon-WV and Johnson mutually agreed upon the arbitration panel and submitted that panel to AAA.

27. On April 8, 2014, Plaintiff Johnson filed a lawsuit in the United States District Court for the Western District of Pennsylvania, raising issues contained in Ergon-WV's arbitration demand. Among other things, Johnson alleged that he was an employee (not an independent contractor) and is owed unpaid overtime under the FLSA. *See* Exhibit A, Johnson Complaint. On April 23, 2014, Ergon-WV filed a motion to dismiss or stay the Pennsylvania proceedings pending completion of mandatory arbitration, or alternatively, to dismiss the Pennsylvania action, or to transfer venue.

28. On May 21, 2014, Plaintiff filed an Amended Complaint adding claims for retaliation under the FLSA, age discrimination under the Age Discrimination in Employment Act ("ADEA"), and retaliation under the ADEA. On June 4, 2014, Ergon-WV filed a renewed motion to dismiss or to stay the Pennsylvania proceedings pending completion of mandatory arbitration, or alternatively, to dismiss the Pennsylvania action, or to transfer venue.

29. On September 15, 2014, Johnson filed a "motion to stay AAA proceedings pending ruling on Ergon-WV's motion to dismiss or stay pending completion of arbitration, or alternatively, to dismiss or transfer venue." On September 16, 2014, the federal judge for the Western District of Pennsylvania granted Johnson's motion for stay. *See* Exhibit G, Order to Stay. In the order, the court found that the "AAA proceeding is hereby stayed pending this Court's ruling on Defendant's Renewed Motion to Dismiss or Stay Proceedings Pending Completion of Arbitration, or Alternatively, to Dismiss or Transfer Venue." *Id.* The court explained that the stay "will be made permanent, modified *or revoked* depending on the Court's ruling on Defendant's Renewed Motion . . . ." *Id.* (emphasis added).

30. After receiving leave of court, Johnson filed a Second Amended Complaint on January 20, 2015. In response, on February 3, 2015, Ergon-WV filed a second renewed motion to dismiss or stay the Pennsylvania proceedings pending completion of mandatory arbitration, or alternatively, to dismiss the Pennsylvania action, or to transfer venue.

31. On September 10, 2015, the federal District Court in Pennsylvania granted Ergon-WV's February 3 motion in part, and entered a memorandum order, "f[i]nd[ing] that the arbitration provision [between Ergon-WV and Plaintiff] [i]s valid and that Plaintiff's claims fall within its scope." *See* Exhibit H, Memorandum Order, p. 10. Specifically, the Court found that, by "signing the Master Service Contract, Plaintiff manifested an intent that '[a]ll disputes, controversies or claims, *of whatever kind or character, arising out of or in connection with*' the Contract, would be subject to mandatory arbitration.'" Exh. H at p. 9 (emphasis in original).

32. The Court also considered, and rejected, all of Plaintiff's arguments seeking "revocability of the arbitration provision." Exh. H at p. 10.

33. The Court then noted that "[t]he Contract directs that arbitration between Plaintiff and [Ergon-WV] shall be carried out in Jackson, Mississippi." Exh. H at p. 14.

34. The findings by the Pennsylvania federal District Court are subject to, and governed by, *res judicata*.

35. Ergon-WV hereby makes formal demand on Johnson that all claims he may assert against Ergon-WV and any other covered person, as well as those previously brought and *adjudicated as arbitrable* in the Johnson suit, be submitted to final and binding arbitration, as set out in the Contract between the Parties if Johnson intends to pursue them.

7

36. Under the Federal Arbitration Action ("FAA"), written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable and enforceable." 9 U.S.C. § 2.

37. In that regard, the FAA does not give a district court any discretion, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.

38. Johnson's claims against Ergon-WV asserted in the Johnson suit represent a "dispute[], controvers[y] or claim[], of whatever kind or character, arising out of or in connection with this agreement." As determined by the Pennsylvania district judge, Johnson's claims are subject to the applicable arbitration provisions in the Contract.

39. Under the arbitration provisions in the Contract, Ergon-WV has standing to compel Johnson to arbitrate his putative claims against Ergon-WV, as alleged in the Johnson suit.

40. Johnson and Ergon-WV agreed to arbitrate all disputes between them arising out of or in connection with Johnson's agreement to provide independent contractor services in the Contract. The Pennsylvania federal Court so ruled in its September 10, 2015, Memorandum Order. Specifically, the Court "found that the arbitration provision [between Ergon-WV and Plaintiff] [i]s valid and that Plaintiff's claims fall within its scope." Exh. H at p. 10. The Court also found that, by "signing the Master Service Contract, Plaintiff manifested an intent that '[a]ll disputes, controversies or claims, *of whatever kind or character, arising out of or in connection with*' the Contract, would be subject to mandatory arbitration.'" Exh. H at p. 9 (emphasis in original).

41. Accordingly, Ergon-WV seeks an order compelling Johnson to submit his claims against Ergon-WV and any other covered person to a binding arbitration proceeding, in the event Johnson decides to pursue them. Ergon-WV further seeks an order staying this Action and enjoining Johnson from proceeding with or attempting to judicially prosecute any claims against Ergon-WV and/or any other covered person until the AAA proceeding between Ergon-WV and Johnson has been concluded and confirmed.

## Claims

## COUNT I

*Petition Under 9 U.S.C. § 4 to Compel Arbitration*

42. Ergon-WV hereby incorporates by reference the preceding averments of its Complaint.

43. Pursuant to 9 U.S.C. § 4, Ergon-WV seeks an order compelling Johnson to arbitrate each and every claim he may have against Ergon-WV and any other covered person, if he chooses to pursue those claims further.

44. Section 4 of the Federal Arbitration Act provides in relevant part, as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

45. As a matter of fact, the FLSA and ADEA claims in the Johnson suit are subject to federal subject matter jurisdiction, and are therefore subject to the Federal Arbitration Act, codified at 9 U.S.C. § 1, et seq.

46. As determined by the Pennsylvania federal District Court, all of Johnson's claims in the Johnson suit are within the scope of the valid arbitration provisions at issue, and all of Johnson's defenses to arbitration have been found invalid.

47. Therefore, all of Johnson's claims against Ergon-WV are subject to arbitration pursuant to § 4 of the FAA.

48. Johnson should be compelled to arbitrate all of his putative claims against Ergon-WV and any other covered person, including those claims alleged in the Johnson suit, if he chooses to pursue those claims further.

## COUNT II

### *Injunctive Relief Pursuant to 9 U.S.C. § 3*

49. Ergon-WV hereby incorporates by reference the preceding averments of its Complaint.

50. Pursuant to the terms of the applicable arbitration provisions, Johnson is obligated to arbitrate his claims against Ergon-WV.

51. Pursuant to 9 U.S.C. § 3, 28 U.S.C. §§ 1651 & 2283, and other law, Ergon-WV seeks an order enjoining Johnson from proceedings with any claims against Ergon-WV related to the Contract, including any claims brought in the Johnson suit, until after this Court has ruled upon the enforceability of the arbitration agreements at issue and an arbitration(s) has been conducted and concluded, in accordance with the terms of the applicable arbitration provisions.

52. Ergon-WV further seeks an injunction mandating Johnson to arbitrate all his putative claims against Ergon-WV and any other covered person, including but not limited to any in the Johnson Suit, in accordance with the terms of the arbitration provisions quoted above.

## PRAYER

53. Ergon-WV hereby incorporates by reference the preceding averments of its Complaint.

WHEREFORE, Ergon-WV demands and seeks judgment from and against Johnson as follows:

(1) an Order pursuant to 9 U.S.C. § 4 and the FAA, compelling arbitration of all of Johnson's claims against Ergon-WV and any other covered person, including those asserted in the Johnson suit, if Johnson decides to further pursue any such claims;

(2) an Order pursuant to 9 U.S.C. § 3 and other law, enjoining Johnson from proceeding with or attempting to judicially prosecute any claims against Ergon-WV, and any other covered person in this action or otherwise, until any resulting arbitration(s) has been conducted, concluded and finally confirmed in accordance with the terms of the applicable arbitration provisions;

(3) an Order staying this Action;

(4) an expedited ruling on this matter pursuant to 9 U.S.C. § 4; and

(5) such further, different, alternative or additional relief as may be appropriate under the premises.

This the 23rd day of September, 2015.

Respectfully submitted,

ERGON WEST VIRGINIA, INC.

By:   s/ *Tim Threadgill*
Timothy M. Threadgill (MSB #8886)

ITS ATTORNEYS

OF COUNSEL:

BUTLER SNOW, LLP
200 Renaissance at Colony Park, Suite 1400
1020 Highland Colony Parkway (39157)
Post Office Box 6010
Ridgeland, MS 39158-6010
(P) (601) 948-5711
(F) (601) 985-4500
(E) tim.threadgill@butlersnow.com

27924170 v1